IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| Evelyn Kauffman and Dennis Rocheleau, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 14-cv-1358 |
| v. | ) | |
| | ) | |
| General Electric Co., | ) | |
| | ) | **Advisory Jury Requested** |
| Defendant. | ) | |

### Introduction

1. Pursuant to Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B), (a)(2) and (a)(3), plaintiffs challenge the decision of General Electric Company Co. ("GE") to cancel GE's Medicare Benefit Plans ("GE Medicare Plans" or "Plans") for tens of thousands of its salaried employees as of January 1, 2015. Plaintiffs challenge specifically GE's decision on September 24, 2012 to cancel the GE Medicare Plans for current or retired employees like plaintiff Kauffman who will be under age 65 as of January 1, 2015. Plaintiffs also challenge a subsequent GE decision on September 8, 2014 to cancel the GE Medicare Plans as well for participants like plaintiff Rocheleau who are over 65.

2. By terminating the Plans for plaintiffs and tens of thousands of other current or retired salaried employees, GE is in breach of a promise to participants in the summary plan description (SPD), restated and reaffirmed in July 2012, that GE "expects" and "intends" to continue the GE Medicare Plans "indefinitely." Although GE reserved a right to terminate, amend or replace the Plans, GE assumed in the SPD an obligation to make its best effort and maintain its past effort to keep the Plans in place, absent the kind of good cause identified in certain specific examples given in Section 5.4 or any other good cause that GE could not have anticipated. By terminating the Plans in September 2012 for participants like Kauffman just two

1

months after GE states that it "expects" and "intends" to continue the Plans "indefinitely," and by giving no adequate cause or explanation for this action, GE is in breach of this obligation it assumed in the SPD. Likewise in terminating the Plans in September 2014 for participants like Rocheleau, GE has breached the same obligation to make its best effort and maintain its past effort to continue the Plans "indefinitely."

## Parties

3. Plaintiff Evelyn Kauffman is a resident of New York.

4. Plaintiff Dennis Rocheleau is a resident of this judicial district in Wisconsin.

5. Defendant General Electric Co. ("GE") is a New York corporation with its principal place of business in Connecticut and is doing business in this judicial district. GE is the plan administrator of the GE Medicare Benefit Plans.

## Jurisdiction

6. Plaintiffs invoke the jurisdiction of this Court pursuant to 29 U.S.C. § 1132(e)(1).

7. Venue lies in this district pursuant to 29 U.S.C. § 1132(e)(2) as GE is doing substantial business in this judicial district.

## Facts

8. Plaintiff Evelyn Kauffman was a salaried employee of GE, and is now retired and still under age 65, and not yet receiving benefits under the GE Medicare Benefit Plans.

9. She is currently a participant in GE health insurance plans for current or retired employees under age 65.

10. She has anticipated being a participant in the GE Medicare Benefit Plans upon turning 65 in August 2015.

11. Plaintiff Dennis Rocheleau is a retired GE employee and is over age 65.

2

12. He is currently receiving benefits from the GE Medicare Plans and is still a current participant in the Plans as of the date of this complaint.

13. The GE Medicare Benefit Plans include the following plans: the GE Medical Care Plan for Pensioners ("MCPP"), the GE Pensioners Hospital Indemnity Plan ("PHIP"), the GE Pension Prescription Drug Plan ("PPDP"), and the GE Medicare Insurance Plan for Retirees ("GEMIP").

14. GE is both the sponsor and plan administrator of the GE Medicare Benefit Plans and a fiduciary with respect to the GE Medicare Benefit Plans.

15. As Exhibit A, plaintiffs have attached the summary plan description (SPD) of the GE Medicare Benefit Plans as issued in July 2012 but made "effective January 1, 2012."

16. The SPD is entitled "Your Benefits Handbook, GE Pensioner Health Care Options at Age 65" (the "Handbook").

17. Section 5.4 of the Handbook states:

> 5.4 CAN THE PLANS BE CHANGED, REPLACED OR TERMINATED?
>
> GE expects and intends to continue the GE Medicare Benefit Plans described in this handbook indefinitely, but reserves the right to terminate, amend or replace the programs or plans, in whole or in part (subject to applicable contractual requirements), at any time and for any reason, by action of the Board of Directors.

18. To clarify the circumstances when GE would decide to terminate, amend or replace the programs or plans, "subject to applicable contractual requirements," Section 5.4 of the Handbook states:

> A decision to terminate, amend or replace a plan may be due to changes in federal law or state laws governing qualified retirement or welfare benefits, the requirements of the Internal Revenue Service, ERISA or any other reason.

3

19. Furthermore, in addition to Section 5.4 itself, various GE management personnel in human resources and labor relations understood and stated to GE employees in the course of their duties that GE took its obligation to continue these Plans seriously.

20. Nonetheless two months later after issuing the revised or amended Handbook which restated this language in Section 5.4, GE terminated the GE Medicare Plans for participants under age 65 like Kauffman.

21. GE gave no reason and identified no changed circumstance as to why GE could no longer continue the GE Medicare Benefit Plans for participants like plaintiff Kauffman, although GE had previously stated two months earlier that it "expects" and "intends" to continue the Plans "indefinitely."

22. By letter of September 24, 2012 John Lynch, GE's Senior Vice President of Human Resources wrote to participants in part as follows:

> Dear GE Benefits participant,
>
> As outlined below, effective January 1, 2015, GE will no longer offer retiree life insurance and post-65 health benefits to salaried employees and former salaried employees. This will not affect active employee benefits.
>
> Here is a summary of what will occur:
>
> *Retiree Health Care benefits at age 65*: You will no longer be eligible for GE's post 65 retiree health care benefit if you have not attained age 65, retired, and enrolled in these plans on or before January 1, 2015. Your spouse or same sex domestic partner will also not be eligible if he or she has not attained age 65 and enrolled in these plans as of that date.

23. The letter gives no clear and specific reason for this action, and it gives no reason of the kind set forth in the specific examples of Section 5.4.

4

24. In addition, by letter dated September 27, 2012, a few days later, Lynch wrote participants who were over 65 and were already receiving benefits to describe a major reduction in benefits under the GE Medicare Plans as to them.

25. That letter states in part as follows:

Dear GE Benefits participant,

Effective January 1, 2015 a new contribution structure will be introduced for certain enrollees in the GE Pensions Prescription Drug Plan and/or the GE Medical Care Plan for Pensions. These new contributions will be set at 50% of the annual costs of these Plans.

26. Subsequently, on September 8, 2014, GE decided to terminate the GE Medicare Plans altogether for most salaried employees like Rocheleau who are over 65 and now receiving benefits.

27. Instead, GE will give participants like Rocheleau who are over 65 an account or subsidy of $1,000 a year to assist them in paying for supplemental health insurance on the open market.

28. GE again gave no substantial specific reason and identified no changed circumstances as to why GE could not continue the Plans indefinitely for such participants.

29. The Handbook continues to state that GE "expects" and "intends" to continue the Plans "indefinitely."

### Count I
### Breach of Plan Obligation

30. By stating in the SPD in July 2012 as in previous SPD's that GE "expects" and "intends" to continue the Plans "indefinitely," GE assumed an obligation to make its best effort and maintain its past effort to continue the GE Medicare Plans "indefinitely," absent a good cause or reason that GE could not anticipate.

5

31. GE reaffirmed that statement as late as July 2012.

32. By terminating the Plans just two months later in September 2012 for participants like plaintiff Kauffman without giving any serious specific reason or changed circumstance, or any reason of the kind identified in the examples in Section 5.4, GE has breached its obligation, in violation of Section 502 of ERISA, 29 U.S.C. § 1132.

33. Likewise, by terminating the Plans in September 2014 for participants like plaintiff Rocheleau who are currently receiving benefit, GE has breached the same obligation, in violation of ERISA Section 502, 29 U.S.C. § 1132.

## Count II
## Breach of Fiduciary Duty

34. By the acts set forth above, GE assumed a fiduciary duty not to exercise or abuse its discretion to terminate the Plans except for a serious and good faith reason of the kind set forth in Section 5.4 of the Handbook as quoted in paragraph 17 above or for any other serious and good faith reason not foreseeable by GE.

35. By terminating the Plans for participants like Kauffman two months after assuring participants them that GE "expects" and "intends" to continue the Plans described in the Handbook "indefinitely," and giving no good cause or any reason that GE was unable to foresee in July 2012, and in violation of ERISA Section 404, 29 U.S.C. § 1104, GE breached the fiduciary duty it assumed not to exercise or abuse its discretion to terminate the Plans except for such a serious and good faith reason.

36. Likewise, by subsequently terminating the Plans for participants like Rocheleau in September 2014 even as their SPD continues to state that GE "expects" and "intends" to continue the Plans described in the Handbook "indefinitely," and giving no good cause or reason

6

that GE was unable to foresee in July 2012, and in violation of ERISA Section 404, 29 U.S.C. § 1104, GE has similarly breached its fiduciary duty.

37. Furthermore, in violation of ERISA Section 102, 29 U.S.C. §1022, GE used language in the SPD that it knew or should have known would confuse or mislead the average participant as to when their coverage will terminate, in that GE states that it "expects" and "intends" the Plans to continue "indefinitely."

38. ERISA Section 409, 29 U.S.C. §1109 and ERISA Section 502(a)(2) authorize plaintiffs to obtain "such…equitable or remedial relief as the court may deem appropriate" to remedy losses to the Plans from the breach of fiduciary duty by GE.

39. Unless restrained by this Court, the threatened actions by GE to terminate the Plans with respect to tens of thousands of salaried employees are certain to cause irreparable injury to the Plans—intangible but serious losses within the meaning of ERISA Section 409, 29 U.S.C. §1109.

40. Specifically, by failing to serve tens of thousands of participants during the pendency of this suit, the Plans will suffer the loss of trust and confidence placed in them by such participants, and the Plans will be unable to carry out their charitable mission and effectuate the purposes of the trust.

41. An irreparable injury to the Plans is the termination of the Plans with respect to tens of thousands of persons whom the Plans are obligated to serve.

42. Accordingly, pursuant to ERISA Section 502, (a)(2) as well as Section 502(a)(1)(B) and (a)(3), plaintiffs ask this Court to preliminarily enjoin GE from terminating the Plans, unless and until GE can demonstrate some serious and good faith reason to justify such an action.

43. Furthermore, Plaintiff Kauffman will lose her health insurance during the pendency of this suit when she turns 65 in August 2015.

44. Plaintiffs have no adequate remedies at law.

45. There are no available remedies for appealing a complete termination of the GE Medicare Plans, and even if it were otherwise, the exhaustion of such remedies would be futile.

WHEREFORE plaintiffs pray this Court to:

A. Try this case before an advisory jury pursuant to Rule 39(c) of the Federal Rules of Civil Procedure;

B. Declare that as set forth in Count I, and by failing to continue or use its best and good faith effort to continue the Plans "indefinitely," GE has breached an obligation assumed in Section 5.4 of the Handbook, in violation of Section 502(a)(1)(B) and (a)(3) of ERISA, 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3)(A) and (B);

C. Declare that as set forth in Count II, GE has breached its fiduciary duty to plaintiffs and other participants, in violation of Section 404 of ERISA, 29 U.S.C. § 1104;

D. Issue an order restraining and enjoining GE on a preliminary and permanent basis from terminating the GE Medicare Benefit Plans; and

E. Grant plaintiffs their legal fees and such other relief as may be appropriate.

By: /s/ Thomas H. Geoghegan
One of Plaintiffs' Attorneys

Thomas H. Geoghegan
Michael P. Persoon
Sean Morales-Doyle
Carol T. Nguyen
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602