UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

EVELYN KAUFFMAN and
DENNIS ROCHELEAU,
               Plaintiffs,

v.                                                     Case No. 14-cv-1358

GENERAL ELECTRIC COMPANY,
               Defendant.
_____

## DECISION AND ORDER

For years, defendant General Electric Company offered its over-65 retirees health insurance plans which supplement their Medicare benefits ("the Plans"). Defendant recently terminated the Plans, and plaintiffs Evelyn Kauffman and Dennis Rocheleau bring claims under the Employee Retirement Income Security Act ("ERISA") challenging certain of defendant's actions relating thereto. Before me now is defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Plaintiffs' claims arise out of representations defendant made in a handbook summarizing the Plans called the summary plan description ("SPD"). In July 2012, defendant reissued the SPD which in part stated:

> **5.4 Can The Plans Be Changed, Replaced or Modified?**
>
> GE expects and intends to continue the GE Medicare Benefit Plans described in this handbook indefinitely, but reserves the right to terminate, amend or replace the programs or plans, in whole or in part (subject to applicable contractual requirements), at any time and for any reason, by action of the board of Directors of General Electric Company or such persons as it may designate.
>
> A decision to terminate, amend or replace a plan may be due to changes in federal law or state laws governing qualified retirement or welfare benefits, the requirements of the Internal Revenue Services, ERISA or any other reason.

Compl. Ex. A at 50 (ECF No. 1-1). In September 2012, defendant announced that as of January 1, 2015 the Plans would no longer cover retirees who had not turned 65, such as plaintiff Kauffman, and that retirees who had reached 65, such as plaintiff Rocheleau, would have to assume half the cost of certain Plan benefits. In September 2014, defendant announced another change, that effective January 1, 2015, it would terminate the Plans for all participants. Retirees could purchase supplemental coverage through an exchange, and retirees over 65 would receive a $1,000 subsidy.

To survive a Rule 12(b)(6) motion, plaintiffs' complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). I accept the complaint's factual allegations as true, but allegations in the form of legal conclusions are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In their complaint, plaintiffs allege two distinct violations, first that the "expects and intends" language in the SPD obliged defendant to at least try to provide benefits in the absence of a compelling reason to reduce or terminate them, and that when defendant modified and then terminated benefits, it breached that obligation. Second, plaintiffs allege that in July 2012 when defendant re-issued the expects and intends language, it planned to modify benefits and thus misrepresented its intent and breached its fiduciary duty. Plaintiffs assert they are entitled to relief under 29 U.S.C. § 1132(a)(3) for each of these violations.[1]

---

[1] Plaintiffs originally asserted that they were entitled to relief for their breach of obligation claim under 29 U.S.C. § 1132(a)(1)(B), which allows a participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." However, at oral argument, plaintiffs conceded that because the expects and intends language is in the SPD rather than the Plan terms they cannot obtain relief under this subsection.

Section 1132(a)(3) authorizes a participant to bring a civil action to enjoin or redress "any act or practice which violates any provision of [ERISA] or the terms of the plan," "to enforce any provisions of [ERISA] or the terms of the plan," and "to obtain appropriate equitable relief" in order to do so. Thus, to obtain an equitable remedy, plaintiffs must show a violation of either ERISA or a term of the Plans.[2] However, the expects and intends language on which plaintiffs' breach of obligation claim relies appears in the SPD and is not a term of the Plan. *See Cigna Corp. v. Amara*, 131 S. Ct. 1866, 1877 (2011) ("[W]e cannot agree that the terms of statutorily required plan summaries . . . necessarily may be enforced (under [§ 1132(a)(1)(B)]) as the terms of the plan itself."). Further, plaintiffs do not allege that defendant violated any statutory provision or Plan term when it terminated or modified the Plans. Thus, on their breach of obligation claim, plaintiffs fail to plead that they are entitled to relief under § 1132(a)(3).

Plaintiffs' breach of fiduciary duty claim focuses on the alleged misrepresentations in the SPD. ERISA requires plan administrators such as defendant to provide participants with "accurate and comprehensive" SPDs "written in a manner calculated to be understood

---

*See Cigna Corp. v. Amara*, 131 S. Ct. 1866, 1877 (2011).
    Plaintiffs also originally sought relief for their breach of fiduciary duty claim under § 1132(a)(2), which authorizes participants to "bring actions on behalf of a plan to recover for violations of the . . . statutory duties imposed on fiduciaries." *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 253 (2008). In my decision on plaintiffs' request for a preliminary injunction, I concluded that plaintiffs were unlikely to succeed on a claim on behalf of the Plans because the relief they sought addressed harms to the participants not the Plans. Order at 7 (ECF No. 35). Plaintiffs appear to have abandoned this argument as well.

[2] For example, in *Amara*, on which plaintiffs model their case, the district court first found that defendant had violated 29 U.S.C. §§ 1054(h), 1022(a), and 1024(b) before addressing equitable relief. 131 S. Ct. at 1874–75.

3

by the average plan participant." § 1022(a). Further, when a defendant acts as a plan administrator, as it does when issuing an SPD, it acts as a fiduciary, *Amara*, 131 S. Ct. at 1877, and must act "solely in the interest of participants and beneficiaries," § 1104(a)(1). Plaintiffs' complaint alleges that defendant knew or should have known that the expects and intends language "would confuse or mislead the average participant as to when their coverage will terminate," Compl. at 7 (ECF No. 1). It also includes factual allegations which support the inference that when defendant re-issued the SPD, it did not intend to continue the Plans and thus, in including the language, did not act in the "sole interest of participants." At this stage of the litigation, this is sufficient to allege violations of §§ 1022(a) and 1104(a)(1) and proceed with a claim for equitable relief under § 1132(a)(3).

Defendant makes several arguments to the contrary, first that because plaintiffs claim defendant intentionally misled participants, Fed. R. Civ. P. 9(b) requires them to plead the claim with particularity. When pleading fraud, Rule 9(b) imposes a heightened pleading standard requiring plaintiffs to "describ[e] the who, what, when, where, and how of the fraud." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736–37 (7th Cir. 2014) (internal quotations and citation omitted). It is unclear whether plaintiffs must meet Rule 9(b)'s heightened pleading standard because the provisions of ERISA that plaintiffs allege were violated do not require an intentional act. *See, e.g.*, § 1022(a), 104(a)(1). However, even if Rule 9(b) applies, plaintiffs satisfy it. Plaintiffs' complaint alleges the who (defendant), the what (misrepresented its intentions to continue Plan benefits indefinitely even while planning to change them), the when (in July 2012), the where (in the SPD), and the how (through statements made in the SPD distributed to participants).

Defendant also argues that plaintiffs fail to allege that they were actually misled.

4

However, the provisions at issue do not require such an allegation. *See, e.g.*, § 1022(a) (requiring plan administrators to provide SPDs that are "sufficiently accurate and complete" and that are "written in a manner calculated to be understood by the average participant"); § 1104(a) (requiring a fiduciary to act "solely in the interest of participants and beneficiaries"). As stated, plaintiffs allege violations of these provisions and thus may seek equitable relief under § 1132(a)(3).

At oral argument, defendant contended that plaintiffs had failed to allege harm. Plaintiffs, however, allege that they lost the health benefits promised to them in the SPD. Moreover, "it is not difficult to imagine how the failure to provide proper summary information, in violation of the statute, injured employees even if they did not themselves act in reliance on summary documents–which they might not themselves have seen." *Amara*, 131 S. Ct. at 1881 ("[A]ctual harm may sometimes consist of detrimental reliance, but it might also come from the loss of a right protected by ERISA or its trust-law antecedents."). At this stage of the litigation, this is sufficient.[3]

Defendant also argues that Kauffman is an inappropriate plaintiff because she did not receive the SPD that contained the expects and intends language and was not a

---

[3] The complaint seeks "such other relief as may be appropriate," Compl. at 8 (ECF No. 1), which is a sufficient request for equitable relief under § 1132(a)(3) at the motion to dismiss stage. *See Gearlds v. Energy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (concluding that plaintiff "at least stated a plausible claim for relief" even though the complaint merely asked for any and all equitable relief and did not expressly plead the type of equitable relief sought). However, if plaintiffs succeed in proving the alleged statutory violations, they may be required to show that they were misled by, relied upon, or were actually harmed by the misrepresentations in order to obtain the form of equitable relief they ultimately seek. *Amara*, 131 S.Ct. at 1881–82 (stating that "any requirement of harm must come from the law of equity," and the harm plaintiffs are required to show depends upon the equitable remedy plaintiffs seek).

5

participant in the Plan to which that SPD applied. The expects and intends language appeared in the SPD regarding the supplemental Medicare benefits Plans for over-65 retirees and Kauffman has not yet turned 65. However, ERISA defines "participant" as "any employee or former employee of an employer . . . who is *or may become* eligible to receive a benefit of any type from an employee benefit plan." § 1002(7) (emphasis added), a definition which includes Kauffman because she would have been eligible to receive benefits under the Plan upon turning 65. And ERISA requires a fiduciary to "discharge his duties with respect to a plan solely in the interest of the participants," § 1104(a)(1). The fact that defendant was not required to provide Kauffman with an SPD does not eliminate its fiduciary duty to her as a participant.

Finally, defendant urges me to dismiss plaintiffs' claims, arguing that the language in the SPD is not misleading because it contains a clear reservation of rights clause. For the reasons discussed in the decision on the request for a preliminary injunction, however, it is plausible that the expects and intends language, coupled with the next paragraph which lists "changes in federal law or state laws governing qualified retirement or welfare benefits [or] the requirements of the Internal Revenue Service, [or] ERISA" as reasons why defendant may modify benefits under the Plans, could be regarded as misleading to the average participant. Compl. Ex. A at 50 (ECF No. 1-1). At oral argument, defendant also contended that the language at issue did not preclude defendant from amending the Plans, only from terminating them which it assertedly did not do. However, the clause reads, "GE expects and intends to continue the GE Medicare Benefit Plans *described in this handbook* indefinitely," *id.* (emphasis added), which arguably precludes amendment.

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss (ECF No. 17)

participant in the Plan to which that SPD applied. The expects and intends language appeared in the SPD regarding the supplemental Medicare benefits Plans for over-65 retirees and Kauffman has not yet turned 65. However, ERISA defines "participant" as "any employee or former employee of an employer . . . who is *or may become* eligible to receive a benefit of any type from an employee benefit plan." § 1002(7) (emphasis added), a definition which includes Kauffman because she would have been eligible to receive benefits under the Plan upon turning 65. And ERISA requires a fiduciary to "discharge his duties with respect to a plan solely in the interest of the participants," § 1104(a)(1). The fact that defendant was not required to provide Kauffman with an SPD does not eliminate its fiduciary duty to her as a participant.

Finally, defendant urges me to dismiss plaintiffs' claims, arguing that the language in the SPD is not misleading because it contains a clear reservation of rights clause. For the reasons discussed in the decision on the request for a preliminary injunction, however, it is plausible that the expects and intends language, coupled with the next paragraph which lists "changes in federal law or state laws governing qualified retirement or welfare benefits [or] the requirements of the Internal Revenue Service, [or] ERISA" as reasons why defendant may modify benefits under the Plans, could be regarded as misleading to the average participant. Compl. Ex. A at 50 (ECF No. 1-1). At oral argument, defendant also contended that the language at issue did not preclude defendant from amending the Plans, only from terminating them which it assertedly did not do. However, the clause reads, "GE expects and intends to continue the GE Medicare Benefit Plans *described in this handbook* indefinitely," *id.* (emphasis added), which arguably precludes amendment.

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss (ECF No. 17)

is **GRANTED in part** and **DENIED in part**. Claim 1 is dismissed, but plaintiffs may proceed on Claim 2.

**IT IS FURTHER ORDERED** that plaintiffs' motion to file a surreply (ECF No. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to compel a Rule 26(f) conference (ECF No. 43) is **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

7

Case 2:14-cv-01358-LA   Filed 06/05/15   Page 7 of 7   Document 49