# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| Evelyn Kauffman and Dennis Rocheleau, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 14-cv-1358 ) ) |
| General Electric Co., | ) ) |
| Defendant. | ) ) |

## PROPOSED JOINT DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order (Dkt. 53), Plaintiffs Evelyn Kauffman ("Kauffman") and Dennis Rocheleau ("Rocheleau") (together, "Plaintiffs") and Defendant General Electric Company ("GE") (together with Plaintiffs, the "Parties"), by and through their counsel of record, hereby submit the following Proposed Joint Discovery Plan, in advance of the telephonic Rule 16(b) scheduling conference set for **August 7, 2015, at 11:30 a.m. CST**. The following counsel will participate in the scheduling call on behalf of Plaintiffs: Thomas Geoghegan (312.372.2511) and Sean Morales-Doyle (312.372.2511). The following counsel will participate in the call on behalf of GE: Michael Banks (215.963.5387), Joseph Costello (215.963.5295), and Daniel Conley (414.277.5609).

The following summarizes the Parties' discussions during the Rule 26(f) conference that took place on June 19, 2015, and lays out the Parties' proposed discovery plan under Rule 26(f).

**(A)     Rule 26(a) Disclosures**

The Parties have agreed to exchange initial disclosures in accordance with Rule 26(a)(1)(A) on or before July 6, 2015.

**(B)    Subjects of Anticipated Discovery and Projected Discovery Completion Date**

In discussing a proposed Joint Discovery Plan, the Parties addressed the scope of the remaining claim in this case. Plaintiffs anticipate amending the complaint to add class action allegations under Rule 23(b)(1)(B) and (b)(2) and will make that decision by the scheduling conference on August 7, 2015. GE's position is that if Plaintiffs do not amend the complaint to add class allegations, a fact discovery deadline of December 31, 2015, by which all fact-witness depositions and discovery must be completed, is appropriate. However, if Plaintiffs amend the complaint to add class allegations, GE believes the discovery schedule will need to be modified. Plaintiffs believe that the current discovery schedule is sufficiently long already, and need not be extended even further.

Plaintiffs anticipate conducting discovery on the following subjects: all subjects relevant to Claim 2 as described in the Decision and Order of June 5, 2015, including the breach of fiduciary duty, misrepresentation in the summary plan description, and appropriate equitable relief, including reformation and surcharge. This discovery will include document requests, requests to admit, possibly interrogatories and depositions of various GE decisionmakers, current and retired, and advisers like Towers Watson.

GE anticipates conducting discovery on the factual basis for Plaintiffs' breach of fiduciary duty/misrepresentation claim, as well as the scope and nature of any alleged harm that Plaintiffs claim to have suffered as a result of GE's alleged breach. This will include document requests, interrogatories, requests for admissions, and depositions of both plaintiffs.

The Parties have not determined whether expert testimony will be presented. The Parties propose that the Court set a deadline of January 29, 2016 for Plaintiffs to serve any expert disclosures required by Federal Rule 26(a)(2)(D)(i), and a deadline of March 4, 2016 for GE to

serve its expert disclosures, including disclosures as to any rebuttal experts. The Parties propose that the Court set a deadline of April 1, 2016, for the close of expert discovery, including expert depositions.

**(C)** **Issues Related to Electronically Stored Information**

Pursuant to Federal Rule 26 and the Eastern District of Wisconsin's Civil Local Rule 26, the Parties discussed the issue of electronically-stored information ("ESI"). The Parties do not anticipate disputes relating the scope or extent of ESI discovery.

**(D)** **Claims of Privilege or Protection**

The Parties do not anticipate any unusual issues surrounding claims or privilege or other applicable protections in this case. With respect to post-production claims of privilege or protection, the Parties agree to abide by the provisions of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b). Further, the Parties anticipate filing a proposed joint protective order to govern the production of confidential information in this case. The proposed joint protective order will, among other things, outline appropriate procedures in the event any party inadvertently discloses material covered by a privilege or applicable protection.

**(E)** **Discovery Limitations**

Absent a future stipulation between the Parties or leave of Court, the Parties agree to adhere to the discovery limitations imposed by Federal Rule of Civil Procedure 30(a) and (d) concerning the number and length of depositions, and those imposed by Federal Rule of Civil Procedure 33(a) concerning the number of interrogatories that each party may serve.

**(F)     Other Potential Orders Under Rule 26(c) or Rule 16(b), (c)**

As noted above, the Parties anticipate filing a proposed joint protective order pursuant to Rule 26(c) governing the production of confidential information in this case.

With respect to the scheduling order required by Federal Rule of Civil Procedure 16(b), the Parties propose that the deadline for amending the pleadings as of right be August 14, 2015, which is seven days after the date of the scheduling conference on August 7, 2015.  The Parties further request that the Court defer setting a date for a pretrial conference and trial in this matter. Instead, the Parties request that the Court set a deadline for the filing of dispositive motions in this matter, following the close of fact discovery.  Plaintiffs believe the deadline for filing motions should be February 15, 2015, in the absence of expert discovery. Otherwise, plaintiffs accept the deadline should be April 15, 2016 GE believes the deadline for filing dispositive motions should be April 15, 2016.  If neither side opts to file a dispositive motion, the Parties will file a joint status report within five (5) calendar days of the dispositive motion deadline, requesting that the Court set a status conference, at which point the Court can address dates, if necessary, for a pretrial conference and trial.

4

| | |
|---|---|
| DATED: July 17, 2015 | Respectfully submitted, |
| | /s/ Thomas H. Geoghegan (with permission) |
| | Thomas H. Geoghegan |
| | Michael P. Persoon |
| | Sean Morales-Doyle |
| | Carol T. Nguyen |
| | Despres, Schwartz & Geoghegan, Ltd. |
| | 77 West Washington Street, Suite 711 |
| | Chicago, Illinois 60602 |
| | Telephone: 312.372.2511 |
| | Email: tgeoghegan@dsgchicago.com |
| | mpersoon@dsgchicago.com |
| | smoralesdoyle@dsgchicago.com |
| | cnguyen@dsgchicago.com |
| | |
| | *Attorneys for Plaintiffs* |
| | *Evelyn Kauffman and Dennis Rocheleau* |
| | |
| DATED: July 17, 2015 | Respectfully submitted, |
| | |
| | /s/ Michael L. Banks |
| | Michael L. Banks |
| | Joseph J. Costello |
| | Morgan, Lewis & Bockius, LLP |
| | 1701 Market St. |
| | Philadelphia, PA 19103-2921 |
| | Telephone: 215.963.5387 |
| | Facsimile: 215.963.5001 |
| | Email: mbanks@morganlewis.com |
| | jcostello@morganlewis.com |
| | |
| Daniel E. Conley | Christopher A. Weals |
| Quarles and Brady LLP | Matthew J. Sharbaugh |
| 411 East Wisconsin Avenue | Morgan, Lewis & Bockius, LLP |
| Suite 2400 | 1111 Pennsylvania Ave., N.W. |
| Milwaukee, Wisconsin, 53202 | Washington, DC 20004 |
| Telephone: 414.277.5609 | Telephone: 202.739.5350 |
| Facsimile: 414.271.3552 | Facsimile: 202.739.3001 |
| Email: daniel.conley@quarles.com | Email: cweals@morganlewis.com |
| | msharbaugh@morganlewis.com |
| | |
| | *Attorneys for Defendant* |
| | *General Electric Company* |