IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Evelyn Kauffman and Dennis Rocheleau, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 14-cv-1358 |
| v. | ) |
| | ) |
| General Electric Co., | ) |
| | ) |
| Defendant. | ) |

### DECLARATION OF VIRGINIA D. PROESTAKES IN SUPPORT OF DEFENDANT GENERAL ELECTRIC COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

1. My name is Virginia D. Proestakes and I am employed as Director of Health Benefits for General Electric Company ("GE"). In this position and in prior positions I have held at GE since 1999, I have been responsible for the overall design, strategy, implementation, and delivery of health care benefits plans for approximately 500,000 employees, retirees, and dependents. I am familiar with the healthcare plans that GE offers to its active employees and retirees, including the GE Medicare Plans at issue in this case.

2. I have reviewed Plaintiffs' Memorandum of Law in Support of Their Motion for Summary Judgment and Local Rule 56(b)(1)(C) Statement of Facts, both of which have been filed with the Court in this litigation. Some of the statements made in the Memorandum and Statement of Facts do not accurately describe the events that led to the amendments of the GE Medicare Plans in 2012 and 2014. Among other things, Plaintiffs are incorrect in suggesting that as of July 2012, GE was actively considering the termination of the Medicare Plans. At that time, no such proposal was pending or under active consideration at GE.

3. In early 2012, I was asked to work with the Corporate benefits team to review a broad range of possible options to address a number of benefit costs, including retiree medical expenses. Planning at the time was very preliminary, and we examined various alternatives, ranging from adjustments in contribution levels to the possible elimination of coverage by GE.

4. On February 10, 2012, GE's Chief Executive Officer, Jeffrey Immelt, gave a presentation to the GE Board of Directors in which he identified various "Actions under consideration" with respect to health benefits. One of the potential options identified in the presentation was to eliminate retiree medical coverage provided by GE and instead provide subsidies to Medicare-eligible salaried retirees who purchased prescription drug coverage in the private insurance marketplace. At the time, no specific proposal was being recommended and we did not know what changes, if any, would be made to the Medicare Plans.

5. Over the next three months, we continued to explore additional options available to the Company to address the way in which supplemental Medicare benefits were provided to salaried retirees. During that time, we moved away from any options that would have eliminated GE supplemental Medicare coverage for salaried retirees who were already receiving benefits from the GE Medicare Plans.

6. On June 7, 2012, GE's then-Senior Vice President of Human Resources, John Lynch, gave a presentation to the Management Development and Compensation Committee of the GE Board on retiree healthcare. The presentation slides reflect that management was now recommending certain steps that would have shifted some costs to retirees, but none of the options presented involved the elimination of coverage through the GE Medicare Plans for retirees over the age of 65.

2

7. Over the next 3 months leading up to the adoption of the September 2012 Amendment, we continued to analyze potential cost shifting and other proposals, but we did not revisit any possibility of terminating the GE Medicare Plans or eliminating coverage for those retirees who were already receiving benefits under those Plans.

8. On September 7, 2012, the GE Board of Directors approved an amendment to the GE Medicare Plans (the "2012 Amendment"). The 2012 Amendment eliminated future coverage for retirees who would not reach age 65 before January 1, 2015. It also provided that salaried retirees with an annual gross GE pension benefit of $75,000 or more would be required to pay a higher portion of the costs of the GE Medical Care Plan for Pensioners and GE Pensioners Prescription Drug Plan beginning January 1, 2015. Plaintiff Rocheleau was among the salaried retirees who would have been affected by this change had it taken effect. As drafted and approved, the 2012 Amendment would have increased the share of the cost borne by Mr. Rocheleau and other affected salaried retirees who met the pension threshold, but it would not have reduced or affected the level of coverage or benefits provided to them under the GE Medicare Plans.

9. Ultimately, the new contribution structure for higher income retirees that was approved as part of the 2012 Amendment never went into effect. It was superseded by a later amendment which was adopted in September 2014, and which shifted supplemental Medicare coverage for over-65 salaried retirees to the private insurance marketplace. The 2014 Amendment was adopted as a result of a planning process that began in September 2013, when IBM announced that it was eliminating its supplemental Medicare coverage for retirees and shifting to private insurance.

10. Following the IBM announcement, members of the GE benefits planning team were asked by senior management to analyze the potential for a similar type of arrangement under which Medicare-eligible salaried retirees would receive supplemental coverage through an exchange, with subsidies from GE. Over the next year, we reviewed design alternatives and cost information, and worked to develop proposals for review by senior management and then by the Board of Directors.

11. On September 5, 2014, the GE Board voted to amend the GE Medicare Plans. The 2014 Amendment shifted the delivery of supplemental Medicare coverage from GE to a system of private insurance through an exchange marketplace. Medicare-eligible retirees who were 65 years of age or older as of January 1, 2015 and who purchase their insurance through OneExchange are eligible for a subsidy from GE. However, retirees are not required to purchase coverage through OneExchange, and may choose to purchase insurance independently or to forego supplemental coverage.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

Executed this 17th day of July 2016.

_____
Virginia D. Proestakes

DB1/ 88334868

4